and Mr. Stevens. Are you ready? Good morning, judges, Judge Wilson, Judge Agee, Judge Harris. May it please the court, I'm William J. Stevens, appearing on behalf of Warren Moseley. I think the first question that I would like to discuss is whether Mr. Moseley waived his right to an appeal. The government has filed a motion to dismiss, and in response to that, we have taken the position that Mr. Moseley did not knowingly waive the appeal when you look at the colloquy that took place at the time that he pled guilty. Your client has not asked to withdraw his guilty plea. No, he has not asked to withdraw his guilty plea, and if this court decides that he did not waive the appeal, the question goes to the reasonableness of the sentencing, not the judgment of conviction. So the issue here is whether there was compliance with Rule 11B. Correct. Whether the district court engaged in an adequate Rule 11 colloquy concerning the terms of the plea agreement and whether Mr. Moseley manifested a knowing waiver of his appeal rights. And the prosecutor did say at the start of the discussion that there was an appeal waiver, but neither the district court nor the district... So are we reviewing this issue de novo or under plain error review? That's sort of a fundamental threshold question. I don't know the answer to that question. One of the reasons I ask that is that there's a U.S. Supreme Court case, U.S. v. Vaughn, that I wonder whether applies in this case. And that dealt with the plain error standard in the Rule 11B context. Wasn't that with regard to withdrawing the plea of guilty rather than an appeal waiver issue? Well, wouldn't you have to... I think the whole point of Vaughn was that you go through the Rule 11 process and counsel is there for both sides and there's the opportunity if the plea colloquy is inadequate, which I understand is your argument, for counsel to do something about it while they're there. And remind the court of its obligations if it's failed to fully enunciate all of the rights of the defendant and give the trial court the opportunity to correct any omission it may have made during the plea colloquy before the court proceeds further. I think the court's words in Vaughn were you just can't sit there. So that's why I'm asking the question whether that is the case that's applicable here or not. Well, when we look at the government cited this case, United States v. Barton Jones, in their Rule 28J letter. And we look at that case and we look at the United States v. Magnin case, which I cited in the response to the motion. This court did not engage in a plain error analysis in either of those cases and went straight to the question of whether the waiver was voluntary. I'm trying to differentiate the case where the claim is that the defendant's waiver could not have been voluntary because they couldn't understand English. They didn't have the educational level to know that they were misled somehow as opposed to none of those things happened. But there was a defect in the Rule 11B proceeding because the district court omitted one of the requirements in the proceeding. And as I understand your case, you're arguing that there was a defect in the proceeding because the district court failed to follow through on explaining as required by Rule 11B the appeal waiver. Yes. And in addition, there's no expression by either defense counsel or the defendant that either of them understood that that was part of the deal. Well, I thought the government gave a fairly full explanation of the plea waiver as part of its proffer to the court during that proceeding. There was no objection. But there was no affirmative assertion on the part of the defendant of what the terms of the plea agreement were. The defendant was counseled and the waiver was set forth in the plea agreement, was it not? Yes, there were. The appeal waiver was set forth in the plea agreement. I mean, with every waiver, the question you ask at the end of the day is, was it voluntary and intelligent? Right. And so you want to know whether there's an intelligent waiver here. And I assume that since the waiver was in the plea agreement, that counsel went over the waiver with the defendant or the client? It would be inconceivable that you don't represent that counsel didn't go over that waiver. There's no representation by either the defendant or defense counsel that that provision was discussed. But you don't say it wasn't discussed? The record is silent on that point. And one of the problems that we have is. . . What I'm concerned about here, Rule 11H obviously is a harmless error rule. It says that evidence that are harmless shall be disregarded. And what I'm anxious to find out here is whether the waiver was intelligent on the part of the defendant. And I'm given the combination of the fact that it's in the plea agreement, that the defendant was not only represented by counsel. I thought counsel in the Rule 11 hearing said he had discussed the waiver with the defendant. I did not find that in the transcript. He talks about the. . . The district court could have done a better job here dotting the I's and crossing the T's. And I can see that. He did say in some circumstances he may appeal. That's literally true, but it's imprecise. But the question is, given the imprecision, which I would grant you, the fact that it's clearly set forth in the plea agreement, the fact that the defendant's represented by counsel, that the government advised the court mostly of the appeal waiver, and the fact that there doesn't seem, as my colleague Judge Agee has pointed out, any statement by defendant or counsel in the Rule 11 hearing that, Your Honor, this was not my understanding or what the government said about the appeal waiver is not my understanding. I think when you combine all of these things together, I'm just wondering whether we can. . . This is a practical matter. The I's weren't dotted and the T's weren't crossed. They should have been. They were not. But at the end of the day, and under Rule 11H and under the general standard of voluntariness and intelligence, can't we say with some assurance that he knew about this waiver and what he was waiving? No, because the representation in open court by the government is, he's waiving his appeal rights subject to four exceptions identified in the plea agreement. And nobody talks about the exceptions, their scope, and what he's giving up. And when the district court talks to him, it tells him that he has a right to take an appeal, that he has to file his notice of appeal within 14 days, And there's nothing to say that these four exceptions, whatever they are, are so narrow that you don't really have a right of appeal. And I think it's that lack of specificity about what the exceptions are, what they mean, coupled with the district court's assertion that he has a right to appeal, and that he can exercise that right by filing his notice within 14 days of the judgment. So we have a situation here where the district court not only doesn't comply with Rule 11, but, in effect, misleads the defendant about the scope of his waiver. And that, I think, is something that should not be taken lightly. We have a situation here where, in effect... Again, I get back to Judge Agee's question. You are saying with some conviction that this was misleading. And would there be some obligation on your part as the representative of this defendant to say, Your Honor, this is misleading. He doesn't have the right to an appeal. We need to understand that. My client needs to understand that. I mean, I think that district courts make errors, as they sometimes do. It's up to lawyers, one way or another, to point out those errors. Now, was that your obligation? I think it was the government's obligation to clarify the statement that there are four narrow exceptions to the right to appeal, and that... Well, they did state in the question from the court that your client was waiving his appeal rights subject to the four exceptions identified in the plea agreement. So they have identified them in a plea agreement that your client signed. And this is different from the Mannegan case, because by the time you reach the point in the plea colloquy that you've identified where the district court says you may have the right to appeal any sentence, in Mannegan they went through the whole plea hearing, and nobody ever mentioned the waiver of the appellate rights. And here the government has very specifically done that. And the judge in Mannegan made an absolute statement of the right to appeal. Here the district court, admittedly, could have been much clearer about it, could have explained it better, but they do not make a blanket statement that you have an absolute right to appeal. It says that you may have the right to appeal any sentence. But that doesn't really show that the defendant understood the limitations on the waiver, and that's what I think is the problem here. And I think you're right to criticize the district court on the particular point. My only question is, given the totality of circumstances, including the plea colloquy taken as a whole and the fact that there's no ambiguity in the plea agreement, the plea agreement sets forth a very standard waiver. And there is, it's a judgment call under Rule 11. I think that this was not as clear as it could have been, but it's a judgment call under Rule 11 as to whether it should, the fact that the district court wasn't as precise as it should have been, to be sure whether that falls under Rule 11's harmlessness point. I mean, can you really say he didn't know what he was giving up? Can you really say that, that he didn't know what he was giving up? I see my time is up. May I answer the question? You want to answer it now or in rebuttal? I'd like to answer it while it's fresh. Go ahead. There is not an indication affirmatively coming from the defendant that he did understand the waiver. And I think that when you put that in the context of when the government says, Your Honor, it has the standard dismissal of the remaining counts and acceptance provisions the court has reviewed on a number of occasions. And that's the opening remark that the government makes in introducing the plea agreement. When you say that the dropping of a count is part of a standard arrangement rather than linking it with you're giving up your right of appeal because we're throwing out the 924C count, that calling the dropping of a count a standard provision rather than talking about it as a quid pro quo for giving up the appeal, that further clouds what's going on here. All right. Thank you, sir. Thank you. Mr. Barrett? May it please the court, good morning, Your Honors. My name is Cliff Barrett. I'm representing the United States in this appeal. I'd like to say at the outset, responding to Judge Agee's question, I, too, was under the impression it was de novo, having read many of this court's decisions concerning the validity of an appeal waiver. And I apologize for not being conversant in that case, Your Honor, and being able to address it. Even if it were de novo standard of review, we would argue that the circumstances of this particular case. Well, we said it was de novo and mannequin. I sat on that case. That's why I was asking the question as to whether or not that was correct. That was my impression, Your Honor. I had read the Fourth Circuit cases. I was not familiar with that case. Even under de novo standard, we would argue that the appeal waiver is valid. Judge Wilkinson, your comment that it was imprecise I think is perhaps accurate. District judges have differing methods and procedures for Rule 11 colloquies, obviously. Some prefer the parties to state the agreement. Others go through the agreement themselves. Sometimes U.S. attorneys' offices can perform a very valuable function in transmitting in whatever way to the judge. We try to do it in opinions to be sure, but I would suggest that I think the total context here, you knew what was going on, but this is not good language. And there's a way to, in future Rule 11 colloquies, to say, I think it would be helpful if Your Honor made clear that there's a waiver of an appeal right and it is subject to four exceptions. You can help, whether it's his obligation to object and to clarify it or whether it's your obligation, I'm not sure. But it seems to me it would help you out. This may not be a reversible error or anything, but it would help you out if you could stand and say, Your Honor, our understanding of the pre-agreement is such and such and such, and I think it would help the defendant here if you made clear the nature of the appellate ruling subject to the exceptions. Yes, Your Honor. You can do that and help defendants out by clarifying things, help yourself out by not having something like this come up on appeal. You can help us out. Everybody is a winner when you make that statement. I'm certainly more mindful of the circumstances now, Your Honor. Perhaps it was my failing in not identifying the four exceptions on the record and reminding the district. Well, you did say it was subject to the exceptions in the plea agreement. So, you know, you did say that. But I think there's a way in which there are all kinds of ways in which counsel can assist district courts and appellate courts, and this is one of them. Yes, Your Honor. I was just going to say, Your Honor, that the waiver, the course of events here is the defendant obviously was charged. He retained attorney in the district court. Plea agreement was sent. Plea agreement signed by the defendant. The waiver terms were unambiguous. They were spelled out in the plea agreement. Is there any indication that counsel did not go over this? Do we know? There's nothing in the record about whether counsel went over the plea agreement. I was rereading the Rule 11 colloquy. There's nothing specifically, any specific question to counsel about whether he'd reviewed the plea agreement. There was a question whether the attorney had reviewed the charges with the defendant. The defendant did sign the plea agreement. The waiver provision was unambiguous. The rest of the Rule 11 colloquy, I would contend, Your Honors, was appropriate, was proper, asked all the questions under Rule 11. Can I ask just a question about that? So I thought, right, in Manningham, the district court had asked as part of the colloquy, do you understand all of the provisions in the plea agreement? Did that sort of catch-all question referring to you understand everything that's in this plea agreement, did that get asked here? Your Honor, my recollection in the record at pages 34 and 35, the court asked the defendant if he had any questions at the end of the Rule 11 colloquy. We don't have like that question we had in Manningham. Look, you understand everything in the agreement, right? We don't have that here? I don't believe so, Your Honor. Okay. One of the tests the court has adopted, as Judge Wilkinson noted, totality of the circumstances relates to the defendant's background, experience, and conduct. And I think in this case you have a 27-year-old man, high school graduate, father. There's no indication he has any cognitive disorders. That's apparent from the record. Appears to function within the normal range of intelligence. He answered all the questions that were put to him appropriately. And there's a plea waiver contained in four different parts of this record. There's in the plea agreement, the Rule 11. At the sentencing hearing, the judge again, before advising the defendant of his appeal rights, the U.S. attorney said he has waived his appeal rights before the judge advised him there. And then in the pre-sentence report. This is before the sentencing hearing? This is at the conclusion of the sentencing hearing. At the last page of the sentencing hearing, when we requested a destruction order, we also reminded the court that the defendant had waived his appeal rights. The judge, again, provided his appeal rights. The waiver of appeal rights is, again, in the pre-sentence report in its entirety, as it is in the plea agreement. Can I ask you sort of a general question about how to think about this problem? Because I guess I would have thought that the district court didn't ask, you understand, I think we can all agree that it could have been tighter if the district court did not ask, do you understand the appeal waiver, didn't ask any questions about that. Not even the sort of general catch-all question, do you understand everything in the agreement. So I guess I'm sort of looking at the totality of the circumstances, and I'm looking for something affirmative showing, despite that lapse, it's pretty clear he understood what was going on here. And I'm not seeing anything in the record that gives me that assurance. But what am I doing wrong? Am I not seeing something that should give me that assurance, or am I asking the wrong question? Your Honor, I've had that same question, and I think the only thing that can be gleaned from the record is that, first of all, he had the assistance of counsel who was represented during the entire process. You can presume counsel reviewed the plea agreement with him before he signed it, went over the terms of the plea agreement, was standing with him at the Rule 11. You can presume that. I don't know that there's any affirmative, there's not affirmative evidence of that. And I think the other thing you could... That's always true, and nevertheless, we really want the trial court to say, to point out this appellate waiver provision, make sure he understands it. I mean, it seems like we would have that in almost every case. Yes, Your Honor. I don't think that that's... I can't find anything in the record that is what the court is looking for. I think the other part of that question, though, is you have to ask about the defendant's conduct, and that is that he never asked any questions. He never questioned the appeal waiver, either during the Rule 11 colloquy or the sentencing hearing. Never questioned why that was there, that he wasn't aware of that. Could he still appeal certain things? That never came up, and I think it's at some point incumbent upon the attorney and the defendant to raise something during the Rule 11 or at some point in the proceedings about something that's in the plea agreement that they say is wrong. And I think those are the two things, Your Honor, that I would point to from the record in response to your question. I think that what you have also in this particular case is you have a defendant who's had a good bit of experience with the criminal justice system, I think had two state felony convictions, which would likely have resulted in a Rule 11 colloquy, a number of misdemeanor convictions. A couple of those convictions were appealed, actually, to a superior court, which is kind of a different process in North Carolina, but were appealed. So our argument is that he was familiar with the court system, had been involved in the criminal justice system, and court was something that was not new to him. I don't know that that helps Judge Harris with your question, but those things are also part of the record. Your Honor, I would be happy to answer any questions concerning any other issue in the case you have. Thank you. Thank you. Mr. Stevens? Well, I will accept the government's contention that we are dealing with a de novo review rather than, as I understand it, this really shouldn't be dealt with as a plain error matter, given the prior appeal waiver questions in this court. I mean, none of the prior cases on appeal waivers have dealt with this as a plain error situation. The other thing I think that is very important in this case is there is nothing affirmative from either defense counsel or the defendant saying that he understood that he was giving up an appeal or what the scope of any appeal was that might be available to him. Did this come up in the, was it in the pre-sentence report and did it come up at sentencing? Was that too late to have raised? After the sentence was imposed. Was it in the pre-sentence report? I don't recall. I thought Mr. Barrett made the representation that the appeal waiver was alluded to at sentencing. In the sentencing transcript on page 54 of the joint appendix, there is a, the court says anything further from the government and the prosecutor says, Your Honor, the government would ask for destruction of a destruction order at the end of the time for appeal and the defendant also has waived his appeal rights, Your Honor. And then the response by the court is, are there any other counts to be dismissed? Yes, Your Honor, there are two other counts and the court orders and the remaining counts against the defendant are ordered dismissed. And then he goes on to say, and the items seized are to be destroyed at the completion of any appeal rights the defendant may have or may exercise. So again, we have certainly ambiguity, the court, or the court expecting that there's going to be some kind of appeal or that the destruction of the contraband or the item seized would be delayed. So again, both the district court and the defendant are not expressing any acceptance of an appellate waiver or its scope. All right, thank you, sir. Thank you. We're going to come down and counsel and move into our final case.
judges: J. Harvie Wilkinson III, G. Steven Agee, Pamela A. Harris